# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ETHEL R. BARNES,**  *Plaintiff*,  v.  **GUARANTEED PRICE MOVERS, LLC, and CITY MOVING, INC.**  *Defendants*. | **CIVIL ACTION NO. 5:18-cv-00241-TES** |

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE

Before the Court is Defendants Guaranteed Price Movers, LLC ("GPM"), and City Moving Inc.'s ("CMI") (collectively "Defendants") Motion to Strike [Doc. 32] Plaintiff Ethel Barnes' ("Barnes") Response [Doc. 29] to Defendants' Motion to Set Aside Judgments. For the reason set forth below, the Court **DENIES** Defendants' Motion.

## DISCUSSION

Defendants ask the Court to strike Barnes' Response because, according to them, it is replete with *ad hominem* attacks and contains inadmissible information and exhibits. [Doc. 32]. Barnes says that this is a disproportionate request, that her Motion is not a pleading and is therefore not subject to Federal Rule of Civil Procedure 12(f), that Defendants have not shown good cause to justify the requested remedy, that Defendants have not shown they would suffer prejudice if the Response was not

stricken, that Barnes made no *ad hominem* attacks, and that a Motion to Strike is the improper vehicle to use for evidentiary objections. [Doc. 40].

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Federal Rule of Civil Procedure 7(a) lists the filings that count as pleadings: a complaint, an answer, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. If the movant seeks to strike a filing under Rule 12(f) that is not included in Rule 7(a), that motion is to be denied. *See* 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 1380 & n. 8.5 (3d ed. 2012) (''Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).''); *Jones v. Warden*, No. 17-13679-C, 2018 U.S. App. LEXIS 16826, at *3 (11th Cir. June 12, 2018) ("The court also properly denied the motion to the extent that it sought to strike the state's response because Mr. Jones failed to show that the response constituted a "pleading," as contemplated by motions to strike under [Rule 12(f)]"); *Polite v. Dougherty Cnty. School System*, 314 F. App'x 180, 184 n. 7 (11th Cir. 2008) (explaining that motions to strike are only appropriate addressed towards matters contained in the pleadings, and a motion for summary judgment is not a pleading); *Lindsey v. Regency Hosp. Co. of Macon LLC*, No. 5:16-cv-00446-TES, 2019 WL

302501, at *1 n.1 (M.D.Ga. Jan. 23, 2019) (reasoning that the plain text of Rule 12(f) limits its scope to pleadings only); *Newman v. Wal-Mart Stores E., L.P.*, No. 7:15-cv-165, 2017 WL 75893, at *3 (M.D.Ga. Feb. 27, 2017) (explaining that a motion to strike something that isn't a pleading is improper). Barnes' Response [Doc. 29] is a Response to a Motion filed by Defendants. It is not a pleading. The Federal Rules of Civil Procedure prohibit the Court from granting a Rule 12(f) motion to strike a filing, like Barnes's, that is not a pleading. Therefore, the Court **DENIES** Defendants' Motion to Strike [Doc. 32].

## **CONCLUSION**

The Court **DENIES** Defendants' Motion to Strike [Doc. 32]. Accordingly, the Court will consider Barnes' Response when deciding Defendants' Motion to Set Aside Judgments.

**SO ORDERED**, this 28th day of September, 2020.